IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JACOBY HAROLD,

      Plaintiff,

v.                                                                                   Civil Action Number: 2:21-cv-177

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION,
LT. KEVIN MCREYNOLDS; and
SGT. HUNTER BURNS,

      Defendants.

## COMPLAINT

Comes now the Plaintiff, Jacoby Harold, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Jacoby Harold (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter "NCRJ"). Plaintiff has exhausted his administrative remedies.

2. West Virginia Division of Corrections and Rehabilitation (WVDOCR) is a state agency that provides correctional services throughout the State of West Virginia. Defendant's main place of business is located in Charleston, West Virginia. Defendant employed the individual defendants named herein and is vicariously liable for their unconstitutional conduct.

3. Defendant, Lt. Kevin McReynolds, was employed by the Defendant West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") as a correctional officer at North Central Regional Jail. Plaintiff alleges that McReynolds used excessive force against plaintiff by ordering that plaintiff be shot with the pepperball gun multiple times and by tazing plaintiff while strapped in a restraint chair. Defendant also sprayed plaintiff with OC Spray.

4. Defendant Sgt. Hunter Burns was employed by the Defendant WVDOCR when he

actively participated in the excessive force against the plaintiff when he shot plaintiff with the pepperball gun at least 13 times without just cause. Defendant Burns then conspired with Defendant McReynolds and others to write false or incomplete incident reports. Defendant Burns and McReynolds also failed to video plaintiff's cell extraction in violation of jail policy and procedure when it was apparent that they anticipated and expected to employ a calculated use of force and when they were extracting plaintiff from a cell.

5. The unconstitutional and wrongful acts of Defendants McReynolds and Burns resulted in plaintiff being subjected to excessive force, physical injury and emotional injury. Plaintiff further asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein. Plaintiff is not asserting a 42 U.S.C. § 1983 claim against the WVDOCR, nor is he asserting a claim for punitive damages against the state agency. Upon information and belief Defendant Arbogast was discharged as a result of these facts. Plaintiff further asserts that he has exhausted his administrative remedies.

6. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

7. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 6 as if set forth herein.

8. At all times relevant herein, Plaintiff was an inmate at North Central Regional Jail.

9. On or about July 11, 2020, Defendant McReynolds sprayed plaintiff with OC Spray and Defendant Burns shot plaintiff multiple times (at least 13) with the pepperball gun when defendants were placing plaintiff on suicide watch. Rather than obtain medical or psychological intervention, Defendants sprayed and shot plaintiff multiple times without just cause. The shooting of plaintiff was excessive and unnecessary and is cruel and unusual punishment. Moreover, these defendants would have known through their training that their conduct was a violation of plaintiff's constitutional rights.

10. Subsequent to the previous spraying and shooting, plaintiff was told that he would be shot again with the pepperball gun if he did not cuff up. Plaintiff complied and was told to move to the rear of the cell. While attempting to do so, plaintiff slipped as a result of the water that was on the floor. Plaintiff, after regaining his footing, placed his head against the wall, at which time Defendant McReynolds ordered CO Burns to shoot plaintiff. CO Burns did shoot plaintiff, causing him to fall to the floor. The cell was then opened, and plaintiff was placed in a restraint chair. During this time, Plaintiff was pleading to be decontaminated in that he was burning from the excessive OC spray and pepperball shooting. Defendant McReynolds threatened plaintiff and then tazed plaintiff in the chest area near his heart. This caused plaintiff to suffer severe pain and heart palpitations. This conduct violated plaintiff's Eighth Amendment to the United States, WVDOCR Policy 303 on use of force as well as guidelines and instructions for the proper use of tazers. This event was captured on video.

11. Defendants' conduct, carried out under the color of state law, violated WVDOCR's policy and procedure which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants or other officers and at no time did plaintiff threaten the defendants.

## COUNT I -VIOLATION OF 42 USC §1983

12. Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully set forth herein.

13. Defendant McReynolds became angry with Plaintiff while placing him on suicide watch. At some point, McReynolds sprayed plaintiff with OC Spray. Despite Plaintiff's compliance and despite being handcuffed behind his back, Plaintiff was shot with the pepperball gun at least 13 times. None of this is on camera or the video has been destroyed. The pepperball

gun is not readily available and must be retrieved from a locker or cabinet.  Video does record the following:  Defendant McReynolds ordered that plaintiff be shot with the pepperball gun despite compliance.   McReynolds then tazed plaintiff without cause and while he was strapped in the chair.  Defendant Burns did the shooting.  This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia.  The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America.  Defendants' threats and cursing and use of excessive force on a restrained inmate demonstrates the malicious nature of the excessive force.  Defendants also failed to properly decontaminate plaintiff.

14. The use of excessive force on Plaintiff was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity.  Defendants' use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted.  Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights.  The failure to make any effort to temper and the verbal threats/taunts are evidence of defendants' malicious conduct.

15. The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth Amendment.  Further, Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant WVDOCR reviewed the incident and discharged McReynolds for his unconstitutional conduct.  Plaintiff is unsure if action was taken against Burns.

16. As a result of the aforementioned conduct, Plaintiff suffered severe pain and suffering, heart palpitations and serious emotional distress.  Plaintiff has also suffered severe

mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendant as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT II — FRAUD/CONSPIRACY

17. Plaintiff re-alleges and incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. The individual defendants herein were aware that their conduct was a violation of plaintiff's constitutional rights. As a result of this knowledge, defendants schemed and conspired to draft false or incomplete incident reports in an attempt to hide and cover-up their conduct. The purpose of the fraudulent reports was to impede plaintiff's claim and protect themselves from discipline and/or discharge. Videotape and investigative reports of the incident shows that defendants' conduct was a violation of plaintiff's rights.

19. Defendants' conduct as described herein was a proximate cause of plaintiff's injuries.

## COUNT III - VICARIOUS LIABILITY

20. Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant WVDOCR is vicariously liable for the conduct of defendants McReynolds and Burns for their failure to follow WVDOCR Policy and Procedures 303 and 312, *et seq*. Moreover, these Correctional officers knew that their conduct was a violation of an established and known constitutional right to be free from excessive force/cruel and unusual punishment. Defendant WVDOCR is therefore vicariously liable for WVDOCR employees' failure to follow the policies and procedures, as well as the unconstitutional conduct of its employees.

28.     As a result of the aforementioned conduct, WVDOCR is vicariously liable for the unconstitutional conduct of McReynolds and Burns.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, damages for emotional and mental distress and punitive damages (against the individual defendant only), court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JACOBY HAROLD
By Counsel,

/s/ Paul Stroebel
Paul Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329